# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**MARCUS W. TAYLOR,**

    **Movant,**

v.                                                 Case No. 2:20-cv-00462
                                                              Case No. 2:17-cr-00017-01

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Marcus W. Taylor's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 47), and Respondent's request for dismissal. (ECF No. 54).[1] This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Taylor's motion be **DENIED** and this matter be dismissed, with prejudice, and removed from the docket of the Court. Given that the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] Unless otherwise noted, all ECF references in this PF&R are taken from Taylor's criminal case, *United States of America v. Taylor*, Case No. 2:17-cr-00017-1 (Jul. 3, 2017).

1

I.      **Relevant Factual and Procedural Background**

On September 2, 2016, Taylor was charged in a criminal complaint with a violation of 21 U.S.C. § 841(a)(1) for possession of methamphetamine with intent to distribute after police executed a search warrant at Taylor's home and a car he used. (ECF No. 1). This search yielded significant quantities of drugs, cash, and numerous firearms. (*Id.*). On February 3, 2017, Taylor was charged in a two-count information with violating § 841(a)(1) as well as illegal possession of several firearms "in furtherance of a drug trafficking crime … that is, possession with intent to distribute methamphetamine" in violation of 21 U.S.C. § 924(c)(1)(A). (ECF No. 19).

On February 9, 2017, in a hearing before this Court, Taylor pled guilty to the two charges contained in the information. (ECF Nos. 23, 51). He affirmed that he understood the elements of the charges, and, as to Count Two, testified that he possessed firearms in furtherance of a drug trafficking crime. (ECF No. 51 at 12–13). Taylor affirmed that he had thoroughly discussed the charges with his attorney and waived his right to be indicted rather than charged in an information. (*Id.* at 13–15). He confirmed that his plea agreement included his guilty plea and waiver of indictment as well as the government's promise not to file an additional information that could raise his maximum penalty. (*Id.* at 17–18). He testified that he understood the potential penalties involved in his decision to plead guilty. (*Id.* at 18–21). He further affirmed the stipulation of facts that comprised the offense conduct and acknowledged that he waived his right to appeal or collaterally attack his judgment except on the basis of ineffective assistance of counsel. (*Id.* at 26–31). As to his counsel, Taylor testified that he was satisfied with counsel's representation, was represented "fully and fairly," and that counsel spent a "good deal of time" developing the case with him. (*Id.* at 45). The Court accepted the guilty plea and Taylor was convicted of

both counts. (*Id.* at 54–55). On June 22, 2017, Taylor was sentenced to 248 months imprisonment, as well as five years of supervised release, and was ordered to pay a $20,000 fine and $200 special assessment. (ECF Nos. 38, 41). Taylor did not appeal.

On June 30, 2020, Taylor submitted the instant motion under § 2255 challenging the validity of his judgment on the basis that his counsel was ineffective and one of the charges against him in the information was improper. (ECF No. 47 at 4–5). In Ground One, Taylor argues that his counsel was ineffective for allowing him to plead guilty to Count Two of the information charging him with illegal possession of firearms in furtherance of a drug trafficking crime. (*Id.* at 14–15). Citing Black's Law Dictionary's definition of "carry," Taylor contends that his mere possession of firearms does not constitute use of such firearms and his counsel was deficient for allowing him to plead guilty. (*Id.* at 15–16). In Ground Two of the motion, Taylor argues that Count Two of the information "was not a charge," and insists that his conduct did not constitute a crime. (*Id.* at 16). He contends that his Fifth Amendment rights were violated because he can be held "answerable only for those charges levied by a Grand Jury." (*Id.* at 16, 18). He asks to be resentenced without inclusion of Count Two. (*Id.* at 18). As to the timeliness of his motion, Taylor contends that the Court "did not have [jurisdiction] to sentence [him], and [jurisdiction] can be brought up at any-time. Count Two is not a federal charge." (*Id.* at 11).

On September 11, 2020, Respondent answered Taylor's motion. (ECF No. 54). Respondent argues that Taylor's motion must be dismissed as untimely given that Taylor did not file it until three years after his judgment became final. (*Id.* at 5). Respondent further asserts that Taylor does not identify any basis that would justify tolling the statute of limitations, pointing out that Taylor has not shown diligence in pursuing his rights and

3

noting that the law cited by Taylor "was active during the time of his plea agreement and sentencing." (*Id.* at 6).

Respondent disputes Taylor's claim that Count Two of the information was invalid. (*Id.* at 6). First, Respondent reasons that Taylor cannot assert this claim because, pursuant to the plea agreement, he waived his right to collaterally attack his conviction or sentence on any basis except ineffective assistance of counsel. (*Id.* at 6–8). Respondent criticizes Taylor's reliance on *Bailey v. United States*, 516 U.S. 137 (1995), a case decided well before Taylor's arrest and which prompted Congress to amend § 924(c) to broaden the scope of activity covered. (*Id.* at 8–9). Respondent argues that *Bailey* has no application to Taylor's criminal case because Taylor "was convicted under the new provision of § 924(c)" which criminalizes possession of firearms in furtherance of drug trafficking, "not under the 'use' or 'carry' prongs." (*Id.* at 9–11). Respondent indicates that the plea agreement, which Taylor reviewed with his counsel and testified that he understood at his plea hearing, contained both counts of the information, and argues that sufficient evidence existed to show that Taylor committed the offenses. (*Id.* at 12–14).

Respondent further asserts that Taylor is not entitled to relief on Ground One as he has failed to demonstrate that counsel was constitutionally ineffective. (*Id.* at 14). Respondent maintains that Taylor "failed to produce any credible evidence that [his counsel's] conduct was deficient or affected [his] decision to plead guilty," and his sworn statements at his plea hearing contradict his allegations. (*Id.* at 17). Respondent insists that counsel's approach could reasonably be considered sound trial strategy given the abundant evidence against Taylor and the reduction in sentence range Taylor received by accepting responsibility for his crimes. (*Id.* at 18). Respondent requests that the motion be dismissed. (*Id.* at 19).

On October 2, 2020, Taylor filed his reply. (ECF No. 56). He decries Respondent's "double talking," and shifts his argument to contend that Count Two "combined elements of both § 924(c) offenses," which he emphasizes is confusing and ambiguous. (*Id.* at 1). He contends that the rule of lenity should prevail and that his offense was "non-existent." (*Id.*). He claims he did not understand the law for a possession offense and asserts that the firearms in question were locked up and therefore were not possessed in relation to a drug offense. (*Id.* at 2). He notes that one federal district court case referred to § 924(c) as a "jumbled mess," so Taylor could not have been expected to understand it himself. (*Id.*). He claims that his possession of the firearms was not an offense, and his conviction for the charge violates his rights under the Fifth and Sixth Amendments to the United States Constitution. (*Id.* at 2–3). He claims that his conduct does not meet the elements of the offense as to be guilty he must have been in the car or at home with the firearms when they were found. (*Id.* at 3–4). He reiterates that this issue can be raised at any time as it is jurisdictional and again requests that the Court grant his motion. (*Id.* at 4–5).

**II.   Standard of Review**

Respondent requests that Taylor's motion be dismissed. (ECF No. 54 at 19). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin*

5

*v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018); Rule 12, *Rules Governing Section 2255 Proceedings for the United States District Courts* (stating that "[t]he Federal Rules of Civil Procedure … to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the motion as true and "draw all reasonable factual inferences" in favor of the movant. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id*. The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Applying the mailbox rule, Taylor filed the instant § 2255 motion on June 30, 2020. (ECF No. 47). A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a

6

motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

### III.  Discussion

Claims under 28 U.S.C. § 2255 are governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations. Under the AEDPA, a § 2255 motion must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

>governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Taylor's judgment of conviction was imposed on June 22, 2017. (ECF No. 41). Under Rule 4(b) of the Federal Rules of Appellate Procedure, Taylor had 14 days to file a notice of appeal, but he did not do so. Therefore, Taylor's judgment of conviction became final on July 6, 2017, when the relevant time period expired. Taylor did not file a § 2255 motion until June 30, 2020, nearly three years later. (ECF No. 47). Consequently, Taylor's motion is time barred under § 2255(f)(1), unless he can demonstrate that he is entitled to equitable tolling, or that one of the other subsections of § 2255(f) applies to his case.

Taylor does not contest Respondent's assertion that his § 2255 motion is untimely under § 2255(f)(1); however, he posits that his claim is not time-barred because the Court lacked jurisdiction over his offense because "Count Two is not a federal charge" and "a non-existent offense can be brought up at anytime [sic] as it is a jurisdiction issue." (ECF Nos. 47 at 11, 56 at 4). This argument is without merit or support from the record or any existing case law. In a creative bid to escape the statute of limitations, Taylor appears to invoke the longstanding principle that a challenge to a court's subject matter jurisdiction can be raised by the court or litigants at any time in a proceeding. *See generally Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). That maxim has no application here. Subject matter jurisdiction over a federal prosecution is conferred on

8

the district court by 18 U.S.C. § 3231; *see also United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) (holding that district court did not lack subject matter jurisdiction over criminal prosecution even when charges were brought in an information); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."). Taylor was charged in Count Two of the information with violation of 21 U.S.C. § 924(c)(1)(A), a federal criminal offense over which this Court clearly has jurisdiction. Taylor's reasoning is simply an attempt to challenge the validity of the statute as applied to his conduct, which is not a recognized exception to the AEDPA statute of limitations, and this argument is "patently frivolous." *United States v. Tisdale*, No. CRIM. 3:02-548-CMC, 2007 WL 2156666, at *2 (D.S.C. July 26, 2007).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has long recognized that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Furthermore, the Supreme Court established in *Holland v. Florida*, 560 U.S. 631, 649 (2010), that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

The extraordinary circumstances "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "Extraordinary circumstances" exist when an obstacle external to the party "stood in [its] way," and caused the delay. *Id.* The question of whether equitable tolling applies hinges on the particular circumstances of each case. *Campbell v. United States*, No. CIV. CCB-13-670, 2013 WL 5945656, at *1 (D. Md. Nov. 5, 2013). Assuming purely for the sake of argument that some jurisdictional defect in the charging document amounted to "extraordinary circumstances" which were beyond his control, Taylor is still unable to demonstrate that he was "pursuing his rights diligently" as required to establish his entitlement to equitable tolling. *Salley v. United States*, No. CIV.A. 2:09-1109, 2010 WL 2653383, at *1 (S.D.W. Va. July 2, 2010). Taylor's § 2255 motion was submitted nearly three years after his judgment became final and nearly two years after expiration of the statutory deadline. In the absence of any attempt whatsoever to challenge his judgment in the intervening years, Taylor does not demonstrate reasonable diligence in the pursuit of his § 2255 motion.

Given that Taylor has failed to demonstrate reasonable diligence in the pursuit of his post-conviction remedies, the undersigned **FINDS** that Taylor is not entitled to equitable tolling; therefore, his motion is clearly untimely and subject to dismissal.

### IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 47), be **DENIED,** and that this civil action be **DISMISSED, with prejudice,**

and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: September 21, 2021

Cheryl A. Eifert
United States Magistrate Judge