UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MARCUS W. TAYLOR,**

    Petitioner,

v.                                     Case No. 2:20-cv-00462
                                         Case No. 2:17-cr-00017-01

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is _pro se_ petitioner Marcus W. Taylor's ("Taylor") motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, filed July 7, 2020. ECF No. 47.[1]

This action was previously referred to Cheryl A. Eifert, United States Magistrate Judge, who has submitted on September 21, 2021, her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the standing order in this district, wherein she recommends

> that [Petitioner's] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied, and that this civil action be dismissed, with prejudice, and removed from the docket of this Court.

---

[1] All docket references are taken from Taylor's criminal case, No. 2:17-cr-00017-1.

PF&R 10-11, ECF No. 59. Specifically, the magistrate judge recommends dismissal of Taylor's motion as untimely under 28 U.S.C. § 2255(f)(1). Id. at 8-10. After receiving an extension of time to respond, Taylor timely objected to the PF&R on November 8, 2021. Taylor Obj., ECF No. 62. The United States did not respond, and the matter is now ripe for disposition.

On February 3, 2017, Taylor was charged in an information with two counts. Count One charged Taylor with "knowingly and intentionally possess[ing] with intent to distribute a quantity of methamphetamine, a Schedule II controlled substance," in violation of 21 U.S.C. § 841(a)(1). ECF No. 19. Count Two charged Taylor with the "knowing[] possess[ion]" of six firearms "in furtherance of a drug trafficking crime," i.e. Count One, in violation of 18 U.S.C. § 924(c)(1)(A). Id. On February 9, 2017, Taylor entered a guilty plea to Counts One and Two. ECF No. 25. Taylor was sentenced to 248 months of imprisonment and a five-year term of supervised release. ECF No. 41. His judgment was imposed on June 22, 2017. Id. There was no appeal.

Taylor concedes that "[he] understand[s that his §] 2255 [motion] was untimely" under 28 U.S.C. § 2255(f)(1). Taylor Obj. 1. As the magistrate judge recounted, "Taylor's judgment of conviction became final on July 6, 2017," but "[he]

did not file a § 2255 motion until June 30, 2020, nearly three years later." PF&R 8. Because a § 2255 motion is subject to a one-year limitations period, and because the magistrate judge did not believe that Taylor was entitled to equitable tolling of the limitation period, the magistrate judge concluded that Taylor's § 2255 motion was time-barred. See PF&R 7-10; 28 U.S.C. § 2255(f) (fixing one-year imitations period).

But Taylor objects that the magistrate judge should have equitably tolled the limitations period for his § 2255 motion. Taylor Obj. 1-2. Equitable tolling is "reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance [beyond his control] stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation marks omitted); see also Menominee Indian Tribe of Wisc. v. United States, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that

caused a litigant's delay are both extraordinary *and* beyond its control.").

Taylor claims that he is entitled to equitable tolling for attorney misconduct. Specifically, Taylor argues that "[his] counsel was ineffective because he advised me and allowed me to plead guilty when there was no evidence to prove a 18 U.S.C. § 924(c)(1)(A)(i) in furtherance [of a] crime." Taylor Obj. 2. Now that he has "look[ed] over [his] case, and understanding law," Taylor states, "[he] realize[s] [he] wasn't guilty of Count Two of the information." Id. at 1-2. But as the Fourth Circuit has explained, failing to "recognize the potential legal significance of facts" known to a petitioner all along "is neither suggestive of his diligence nor extraordinary nor a circumstance external to his control." United States v. Herrera-Pagoada, 14 F.4th 311, 319 (4th Cir. 2021) (quotation marks omitted). Taylor's explanation for why his limitations period should be equitably tolled is without merit.

Since Taylor's § 2255 claim is time-barred, the court can review his "petition only when there has been a 'fundamental miscarriage of justice.'" Id. (quoting McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)). "To establish a fundamental miscarriage of justice, a prisoner must show 'either cause and actual prejudice, or that he is actually innocent.'" Id.

4

(quoting Bousley v. United States, 523 U.S. 614, 622 (1998)). Proof of a fundamental miscarriage of justice allows "a federal habeas court [to] grant the [petition] even in the absence of a showing of cause for the procedural default." United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)); see also McQuiggin, 569 U.S. at 392 ("In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief.").

Taylor contends that he is actually innocent of Count Two, possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). Noting that Count One charged him with possession with intent to distribute a controlled substance, Taylor argues that "nowhere in the record does the government prove or submit evidence that the gun possession furthered" his intent to distribute a controlled substance because "it's literally impossible to further a drug trafficking crime that hasn't been committed," i.e., that he only intended to commit. Taylor Obj. 3-4.

Taylor's semantic argument that he is legally innocent is misplaced under the Fourth Circuit's conception of the actual innocence exception. The Fourth Circuit explains that "[t]o

succeed on actual innocence grounds, . . . a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (quotation marks omitted). Taylor does not challenge the facts established at and by his guilty plea and the stipulation of facts appended to his plea agreement. Instead, he contends that those facts are legally insufficient to sustain his guilty plea. Under Pettiford, that is not enough to prove actual innocence.[2]

---

[2] Even if it were, Taylor does not show actual innocence, as required, "by clear and convincing evidence." Pettiford, 612 F.3d at 282. In United States v. Frink, the Fourth Circuit set forth what is required to sustain a conviction under § 924(c) for possession of a firearm in furtherance of a drug trafficking crime:

> [T]he evidence must indicate that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. [T]here are many factors that might lead a fact finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity, including:
>
>> the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits,

Taylor otherwise offers no evidence or argument that his counsel was unconstitutionally ineffective. Accordingly, his objection to the magistrate judge's PF&R concerning equitable tolling is without merit.

Last, Taylor contends that the court lacked jurisdiction to accept his guilty plea because of a lack of connection to interstate commerce under the Commerce Clause. Taylor Obj. 5. On the contrary, Taylor's guilty plea established that "[a]ll of the firearms possessed by the defendant . . . travelled in or affected interstate commerce because they were manufactured outside the state of West Virginia." ECF No. 26. Moreover, the Fourth Circuit has held that "we have no difficulty concluding that, at least to the extent that [§ 924(c)(1)] criminalizes the use and carrying of a firearm during and in relation to a drug trafficking crime, the

---

and the time and circumstances under which the gun is found.

No. 18-4738, 2022 WL 885140, at *1 (4th Cir. 2022) (per curiam) (second alteration in original and quotation marks omitted). Like in Frink, where the Fourth Circuit upheld the defendant's guilty plea for possession of firearms in furtherance of his underlying offense of possession with intent to distribute a controlled substance, Taylor's firearms were found "in close proximity to [the] drugs, drug paraphernalia, and large amounts of cash" related to his drug trafficking offense. Id. at *2. In any event, the foregoing exercise is mooted by Taylor's waiver of collateral attack of his guilty plea and conviction. See ECF No. 26.

statute represents a valid exercise of Congress's authority under the Commerce Clause." United States v. Crump, 120 F.3d 462, 465 (4th Cir. 1997); see also United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (explaining that 21 U.S.C. § 841(a)(1) is a valid exercise of Congress's Commerce Clause power). Accordingly, Taylor's objections to the magistrate judge's PF&R are without merit.

## IV. Conclusion

Based upon the foregoing discussion it is ORDERED that:

1. The PF&R, ECF No. 59, be, and hereby is, ADOPTED and incorporated herein;

2. Taylor's objections, ECF No. 62, be, and hereby are, OVERRULED;

3. Taylor's motion to vacate, set aside, or correct sentence, ECF No. 47, be, and hereby is, DENIED; and

4. This action be, and hereby is, DISMISSED and STRICKEN from the docket.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: April 13, 2022

John T. Copenhaver, Jr.
Senior United States District Judge